UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROSA EVELIA CASTILLO PACHECO,

    Plaintiff,

    v.

MEZEH-ST. MARY'S LLC,
MEZEH, INC.,
MEZEH-WAUGH CHAPEL, LLC,
SALEH MOHAMADI and
SANDRA LOPEZ,

    Defendants.

Civil Action No. TDC-21-2521

MEMORANDUM OPINION

Plaintiff Rosa Evelia Castillo Pacheco ("Castillo Pacheco") filed a civil action in which she alleged that while she was employed by Defendants, they failed to pay her at the minimum wage and provide her with overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018), the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 2620, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3–413 to 3–415 (West 2016), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3–501 to 3–509. In 2022, the parties reached a settlement of Castillo Pacheco's claims, and on October 27, 2022, the Court granted the parties' Joint Motion to Approve FLSA Settlement. Plaintiffs have now filed a Motion for Attorney's Fees and Costs, which is fully briefed. Having reviewed the briefs and submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Castillo Pacheco, a resident of St. Mary's County, Maryland, was employed at Mezeh St. Mary's Restaurant ("Mezeh"), owned and operated by Defendants, between July 2020 and July 2021. Castillo Pacheco alleged that, during her employment at Mezeh, Defendants failed to pay her at the minimum wage for certain work and to provide her with overtime pay. Castillo Pacheco sought damages in the amount of (1) her unpaid overtime and minimum wages; (2) liquidated damages equivalent to the sum of her unpaid overtime and minimum wages; and (3) the value of her unused paid time off. She also sought attorney's fees and costs. The parties ultimately settled Castillo Pacheco's claims for $47,000. Over the course of the litigation of this case, Castillo Pacheco's attorneys and paralegals engaged in factual investigation and case development, drafting of the complaint, written discovery lasting seven months, preparation for depositions, a calculation of damages, settlement negotiations, the settlement fairness hearing, drafting of the attorney's fee petition, translation and interpretation services, and case management activities.

## DISCUSSION

In her Motion, Castillo Pacheco seeks an award of attorney's fees and costs pursuant to the FLSA, MWHL, and MWPCL, each of which permits such an award to a prevailing party. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3–427(d)(1)(iii), 3–507(b)(1).

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The MWHL and MWPCL also contain fee-shifting provisions. Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii) ("If a court determines that an employee is entitled to recovery in an action under this section, the court shall award to the employee . . . reasonable counsel fees and other costs."); *id.* § 3–507(b)(1) ("[T]he court may award the employee an amount

not exceeding 3 times the wage, and reasonable counsel fees and other costs."). Plaintiffs have requested $116,055.50 in attorney's fees and $3,974.84 in costs, for a total of $120,030.34.

**I.  Legal Standards**

In calculating an award of attorney's fees under the FLSA, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88 & n.5. A court is not required to conduct a specific analysis of each of the *Johnson* factors if they are considered and addressed more broadly. *See, e.g., Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 836 (D. Md. 2005); *Murrill v. Merritt*, No. 17-2255, 2020 WL 1914804, at *3 (D. Md. Apr. 20, 2020). Here, the Court finds that, upon consideration, the seventh, tenth, and eleventh *Johnson* factors are not particularly relevant to the present case.

**II.  Reasonable Hourly Rates**

In considering the reasonableness of the proposed hourly rates, the Court primarily considers the fourth, fifth, ninth, and twelfth *Johnson* factors. The reasonable hourly rate

requirement is typically met by compensating attorneys at prevailing market rates in the community, "ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience. *See* D. Md. Local R. App. B.

Here, Castillo Pacheco was represented throughout this litigation by Omar Vincent Melehy, Suvita Melehy, and Andrew Balashov of the law firm of Melehy & Associates LLC. Castillo Pacheco has requested that the Court apply, for its three different counsel and for its paralegals and paraprofessionals, hourly rates exceeding the Local Rules guideline ranges for hourly rates based on each attorney's years of experience. Where Omar Vincent Melehy had 34 years of experience when the Motion was filed, his proposed hourly rate of $625 is higher than the applicable Local Rules guideline range of $300 to $475 per hour for attorneys with more than 20 years of experience. Where Suvita Melehy had 26 years of experience, the proposed hourly rate of $575 is also higher than the applicable Local Rules guideline range of $300 to $475. Where Andrew Balashov had 7 years of experience, the proposed hourly rate of $350 is higher than the applicable Local Rules guideline range of $165 to $300. Finally, the proposed hourly rate of $180 for paralegals and paraprofessionals is higher than the applicable Local Rules guideline range of $95 to $150.

In arguing for the higher hourly rates, Castillo Pacheco asserts that the proposed rates, which are her attorneys' standard billing rates, are reasonable because they reflect her attorneys' reputations and experience, are at or below the market rates for legal professionals who handle comparable cases, are similar to the rates that they have been awarded in other cases, and are at or below the Local Rules guideline range if adjusted for inflation. Castillo Pacheco has also

4

submitted a declaration from Michal Shinnar, an employment law attorney, who is "acquainted with the prevailing market rates for employment attorneys practicing in [this] locality." Shinnar Decl. ¶ 9, Mot. Attorney's Fees Ex. F, ECF No. 46-7.

Shinnar attests to the reasonableness of the proposed rates. The affidavit of a local attorney "familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" can be sufficient to verify the prevailing market rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). This declaration, which addresses the second, third, fifth, and ninth *Johnson* factors, provides support for the reasonableness of the hourly rates.

Nevertheless, based on the present record and a consideration of the relevant *Johnson* factors, the Court finds that the legal work conducted here, in a case that did not involve dipositive motions practice, depositions, or trial, was not particularly novel or complex, and did not require skill beyond the typical case. Under these circumstances, the Court will not approve hourly rates above those contemplated by the Local Rules. Indeed, where these rates have been consistently published in the Local Rules, application of hourly rates within the guideline ranges is consistent with the sixth *Johnson* factor, the attorneys' expectations at the outset of the litigation.

At the same time, where the Court has not recently adjusted these rates for inflation, and where the rates are lower than the standard billing rates for Castillo Pacheco's attorneys, the Court finds that the reasonable hourly rates are those at the high end of the guideline ranges set forth in the Local Rules. For the same reasons, the Court finds that the reasonable hourly rates for paralegals and paraprofessional staff are those at the high end of the guideline ranges set forth in the Local Rules. The Court will therefore award fees based on the following hourly rates:

**Table: Revised Rates**

| Name | Years | Requested Rate | Guideline Range | Revised Rate |
|---|---|---|---|---|
| Omar Vincent Melehy | 34 | $625 | $300–475 | $475 |
| Suvita Melehy | 27 | $575 | $300–475 | $475 |
| Andrew Balashov | 7 | $350 | $165–300 | $300 |
| Paralegals and Paraprofessionals | 0 | $180 | $95–150 | $150 |

### III.  Reasonable Hours

As for the reasonableness of the hours worked, the Court primarily considers the first, second, third, and eighth *Johnson* factors. Castillo Pacheco has provided charts reflecting actual hours worked by Castillo Pacheco's attorneys, paralegals, and paraprofessional staff, with descriptions of the specific tasks performed. *See* Supp. Mot. Attorney's Fees Ex. 1, ECF No. 49-1. Castillo Pacheco has also organized the hours by litigation phase, as required by the Local Rules. *See id.*; D. Md. Local R. App. B.1. In considering the submitted charts, the Court finds that the general tasks performed by the attorney and paralegals were reasonable under the circumstances of this case. This case spanned approximately one year and included, among other categories of work, investigation and factual development, case management, written discovery, deposition preparation, damages calculations, settlement negotiations, and a settlement fairness hearing.

In objecting to the reasonableness of the hours billed, Defendants primarily argue that (1) the overall time spent on the case was excessive given the straightforward nature of the case; and (2) many of the tasks for which Castillo Pacheco seeks reimbursement were clerical in nature. These objections implicate the first, second, and third *Johnson* factors. *McAfee*, 738 F.3d at 88 & n.5. The Court agrees in part with Defendants' objections as to the overall number of hours billed by each timekeeper on this case. In particular, the Local Rules permit only one attorney to be compensated for attending hearings or client, third party, and intraoffice conferences. *See* D. Md.

6

Local R. App. B.2. However, on several occasions, Castillo Pacheco seeks reimbursement for multiple attorneys or paralegals for single client, third party, or intraoffice conference, including the following conferences: (1) a January 25, 2022 conversation between Suvita Melehy and Balashov totaling 0.7 hours between both timekeepers; (2) an April 25, 2022 conversation among Balashov, paralegal Mirian Martinez, and Castillo Pacheco totaling 2 hours between both timekeepers; (3) an April 20, 2022 conversation among Balashov, Martinez, and Castillo Pacheco totaling 2.3 hours between both timekeepers; and (4) a July 15, 2022 conversation between Suvita Melehy and paralegal Makiyah Holder totaling 0.6 hours between both timekeepers. Where these billing entries make no reference to interpretation services, and the submitted materials include separate charges for interpretation services, the Court does not construe Martinez's role in these meetings to be that of an interpreter. Accordingly, the Court finds that time billed to multiple personnel for such meetings is more than necessary and reasonable. *See id.* In accordance with the Local Rules, the Court will compensate only one timekeeper for each of these client, third party, and intraoffice meetings, charging the time at the rate of the more senior attorney. Accordingly, the Court will reduce the number of hours billed by 1.2 hours.

Moreover, the Court finds that the number of hours billed for drafting the fee petition, case management, and depositions was more than reasonable. With respect to the fee petition, Castillo Pacheco seeks reimbursement for 55 hours of time for preparing the fee petition. Where the 55 hours sought for preparing the fee petition represents approximately 17 percent of the total hours sought in the entire fee petition and included work performed by six different timekeepers, the Court finds that 55 hours is excessive and will reduce the number of hours to be reimbursed for drafting the fee petition by ten hours. *See Trimper v. City of Norfolk*, 58 F.3d 68, 76–77 (4th Cir. 1995) (finding that a district court may, within its discretion, reduce the number of hours billed in

evaluating a motion for attorney's fees where the number of hours billed is excessive); *Broccoli v. Echostar Comm. Corp.*, 229 F.R.D. 506, 513 & n.7 (D. Md. 2005) (finding that the number of hours for certain tasks performed by the plaintiff's attorneys was "unreasonable excessive given the nature of the tasks," such as 33 hours for the drafting of a motion for sanctions, and reducing the number of hours billed by 23.7 hours); *Chaten v. Marketsmart LLC*, No. PX-19-1165, 2020 WL 4726631, at *8 (D. Md. Aug. 14, 2020) (finding that, where the plaintiff sought reimbursement for work performed by six timekeepers, the case was overstaffed and a reduction in the number of hours subject to an attorney's fee award was warranted). As to case management, Castillo Pacheco seeks reimbursement for 27.7 hours of time billed for case management for work performed by eight timekeepers. The Court finds the 27.7 hours sought for case management to be excessive. Accordingly, the Court will reduce the number of hours billed for case management by five hours. *See Trimper*, 58 F.3d at 76–77; *Broccoli*, 229 F.R.D. at 513 & n.7; *Chaten*, 2020 WL 4726631, at *8. Finally, with respect to depositions, Castillo Pacheco seeks reimbursement for 47.8 hours for work performed by four timekeepers. Where the parties did not ultimately conduct any depositions, the Court finds that the 47.8 hours is excessive and will thus reduce the number of hours billed for depositions by five hours. *See Trimper*, 58 F.3d at 76–77; *Broccoli*, 229 F.R.D. at 513 & n.7; *Chaten*, 2020 WL 4726631, at *8.

The Court also agrees in part with Defendants' objections to reimbursement of fees for clerical work performed by attorneys. Clerical work is not billable to an adversary. *See Ramirez v. 316 Charles, LLC*, No. SAG-19-3252, 2021 WL 662185, at *3 (D. Md. Feb. 19, 2021). Here, Castillo Pacheco seeks reimbursement for various clerical work performed by attorneys, including calendaring deadlines, corresponding with the Court regarding hearing dates, coordinating and scheduling depositions, coordinating interpreters, identifying contact information for Defendants'

employees, and arranging for witness fee checks. The Court finds that these tasks are clerical in nature and not recoverable under the applicable statutes. *Id.* (finding that clerical work includes scanning and mailing documents, issuing summonses, creating notebooks or files, and updating attorneys' calendars); *Pfieffer v. Schmidt Baking Co.*, No. CCB-11-3307, 2014 WL 1291814, at *4 (D. Md. Mar. 28, 2014) (deducting from the total number of hours billed time spent on administrative tasks such as electronically filing documents and preparing packages). Accordingly, the Court will further reduce the number of hours billed by 3.3 hours.

The Court's adjustments and the underlying methodology satisfy the Supreme Court's recognition that "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The Court's revised calculation of attorney's fees, based on the Court's adjustments to the hourly rates and billable hours, is $88,381.

## IV.     Adjustments to the Lodestar Amount

After calculating the lodestar amount, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and then award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). When calculating a reasonable fee award, "the most critical factor" is "the degree of success obtained." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Here, Castillo Pacheco has estimated her actual unpaid wages to be between $34,935 and $56,429. Castillo Pacheco settled her claim for $47,000. Where Castillo Pacheco did not obtain the highest estimate of her damages, and the submitted materials do not specify whether the estimated damages included full recovery for liquidated damages, the Court finds that Castillo Pacheco was not entirely successful in her claim, and will reduce the attorney's fee award by 10 percent.

## V.   Costs

Finally, Castillo Pacheco requests a total of $3,974.84 in litigation expenses, which include legal research database charges, photocopies, the filing fee, postage, witness fees, travel, transcription, and costs of service. The FLSA, MWHL, and MWPCL all provide for a prevailing plaintiff to be paid "costs" of the action by the defendant. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii); *id.* § 3–507(b)(1). Upon review of the litigation expenses, the Court finds that all expense were reasonably incurred and will award the full $3,974.84 in litigation expenses.

## CONCLUSION

For the foregoing reasons, Castillo Pacheco's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART. The Motion will be granted in that the Court will award $79,542.90 in attorney's fees and $3,974.84 in costs. It will be otherwise denied. A separate Order shall issue.

Date: August 22, 2023

THEODORE D. CHUANG
United States District Judge